IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MAURICE SUTON ANTON SAYLES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 15-CV-3388-S-DGK-P |
| ) | (Crim. No. 12-CR-3036-S-DGK-2) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## AMENDED ORDER DENYING MOTION TO VACATE, SET ASIDE,

## OR CORRECT SENTENCE

Movant Maurice Suton Anton Sayles ("Sayles") pled guilty to two drug-related charges. He now files a motion to vacate, set aside, or correct his sentence (Doc. 5) against Respondent ("the Government"). For the reasons below, the Court DENIES the motion without an evidentiary hearing and DENIES a certificate of appealability.

### Background[1]

Along with his twin brother, Sayles "engaged in a scheme whereby [he] would steal checks, forge checks, purchase merchandise, then return the merchandise for cash." *United States v. Sayles*, 754 F.3d 564, 566 (8th Cir. 2014). A grand jury indicted him for wire fraud and for conspiracy to commit wire fraud.

During plea negotiations, Sayles's attorney "assured him that he would receive no more than 41-months and informed Sayles that the Government would also agree with this sentence" (Doc. 6 at 2). Sayles signed a plea agreement, under which he agreed to plead guilty to the

---

[1] The facts in this section derive from: (1) Sayles's record admissions, and (2) the allegations in his motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Sayles to relief, the Court denies him an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

conspiracy charge. In return, the Government would not ask for a sentence above the Sentencing Guidelines range, which was 33–41 months (Crim. Doc. 71 at 9). The plea agreement added, "The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not unreasonable." (*Id.*).

Sayles pled guilty before United States Magistrate Judge James C. England. At that hearing, Judge England advised Sayles that the maximum prison sentence for his charge was twenty years (Crim. Doc. 72 at 3). The judge asked Sayles, "Do you understand that the final decision as to how the guidelines are calculated and what sentence is imposed rests with the District Judge?" (*Id.* at 5). Sayles responded affirmatively. Judge England then warned him, "Once the judge establishes the guideline range, in some circumstances, you could be sentenced above that range, in other circumstances, below that range." (*Id.*) Sayles affirmed his understanding of that possibility as well. Notwithstanding, he elected to go ahead with his guilty plea.

The Government asked for a sentence in excess of eighty-five months. As the Court of Appeals found, this was a breach of the plea agreement. *Sayles*, 754 F.3d at 567. The Court sentenced Sayles to eighty-five months' imprisonment. Sayles appealed, unsuccessfully. *Sayles*, 754 F.3d at 569.

## Discussion

A district court may vacate a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Sayles's sole ground for relief concerns the Sixth Amendment right to effective assistance of trial counsel. *Strickland v.*

*Washington*, 466 U.S. 668, 688 (1984). Sayles claims that his attorney's performance was constitutionally ineffective for telling him he would receive no more than forty-one months' imprisonment, when he ended up receiving eighty-five months. He argues that his attorney should have warned him about the possibility that the Government would breach the agreement.

To establish that counsel's assistance was so ineffective that it deprived the petitioner of his Sixth Amendment rights, he must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. Both prongs of the *Strickland* test must be satisfied to obtain relief; if Sayles fails to establish prejudice, then the court need not analyze whether counsel was deficient. *See id.* at 697.

"In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (footnote omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.*

The record refutes Sayles's claim that his attorney unconstitutionally prejudiced him. He claims that his attorney promised him that his sentence would not exceed forty-one months, the high end of the Sentencing Guidelines range. However, the plea agreement warned Sayles that the Court was not constrained by the parties' agreement, and could "impose any sentence authorized by law" (Crim. Doc. 71 at 9). As the Court of Appeals recognized, the Court's sentence was, indeed, authorized by law. *Sayles*, 754 F.3d at 568–69. Judge England told Sayles the same thing. Even assuming that Sayles's attorney neglected to tell him the possibilities at sentencing—or told him inaccurate information—the plea agreement and the magistrate judge

3

told him everything he needed to know.  Therefore, there is no substantial likelihood that, had his *attorney* told him these things, Sayles would have pled not guilty and exercised his right to trial. *See Watson*, 682 F.3d at 745.

The Court denies Sayles's § 2255 motion in its entirety.  Because no reasonable jurist would grant any part of this motion, the Court denies Sayles a certificate of appealability.  *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

Because Sayles's claim lacks merit, his Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 5) is DENIED.  A certificate of appealability is DENIED in all respects.

**IT IS SO ORDERED.**

Date:   February 12, 2016                                  /s/ Greg Kays
                                                           GREG KAYS, CHIEF JUDGE
                                                           UNITED STATES DISTRICT COURT